IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VICKI R. NOLAN | * | |
| Plaintiff | * | |
| v | * | Civil Action No. DKC 12-0741 |
| BUONASSISSI, HENNING & LASH, P.C., EMIGRANT MORTGAGE CORPORATION, and RETAINED REALTY, INC. | * * | |
| Defendants | * | |

\*\*\*

## **MEMORANDUM OPINION**

The above-entitled action was filed on March 9, 2012, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. Because she appears to be indigent, Plaintiff's motion shall be granted. For the reasons that follow the Complaint must be dismissed.

The self-represented Complaint is captioned as a Petition in the Nature of a Quiet Title Action and includes a request for emergency injunctive relief. ECF No. 1. Plaintiff asserts that the judgment of foreclosure obtained by Defendants on Plaintiff's home is "void on its face." *Id*. The instant case is the second civil action Plaintiff has filed against Buonassissi, Henning & Lash concerning the same property and foreclosure proceeding. *See Nolan v. Buonassissi, Hennin & Lash*, Civil Action DCK-12-325 (D. Md.). In that case, Defendant filed a Motion to Dismiss for failure to state a claim and explains they were counsel in the underlying foreclosure procedure which took place in the Circuit Court for Prince George's County, Maryland. *Id*. at ECF No. 5, citing *Joseph V. Buonassissi, II, Substitute Trustee, et al. v. Vicki Renee Nolan*, Case No. CAE-11-01248 (Cir. Ct. Prince George's Co.). Presumably, it is the judgment of the Circuit Court for Prince George's County that Plaintiff asserts is "void on its face" and forms the basis for her request to quiet title on the foreclosed property.

Adjudication of the merits of Plaintiff's claim necessarily involves review of the state court proceedings and a determination of whether those proceedings were proper. This court does not have jurisdiction to consider the validity of a judgment issued by a state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). To the extent the foreclosure proceedings are still pending, this court is prohibited from enjoining state court proceedings under the Anti-Injunction Act, 28 U.S.C. §2283. *See Mitchum v. Foster*, 407 U.S. 225 (1972).

Accordingly, by separate Order which follows, the Complaint shall be dismissed.


Date:   March 20, 2012                            /s/
                                               DEBORAH K. CHASANOW
                                               United States District Judge